IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | 2:08-cr-365 |
| v. | ) | |
| | ) | |
| VICTOR NELSON, | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Pending before the Court is Defendant Victor Nelson's MOTION TO REVIEW DETENTION ORDER AND/OR MODIFY DETENTION ORDER (Document No. 347). The government has filed a response (Document No. 394). The Court has reviewed a transcript of the detention hearing conducted before Magistrate Judge Cathy Bissoon on September 24, 2008. The motion is ripe for disposition.

The 27-count indictment in this criminal action alleges a conspiracy to possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base and names 35 persons as Defendants. If convicted, Nelson faces a statutory minimum sentence of twenty years imprisonment to a maximum of life imprisonment.

Defendant asks the Court to review and/or modify the detention order. In summary, Nelson contends that the evidence against him is weak and that he was included in the conspiracy because he is the uncle of Jamill Denson, one of the alleged ringleaders. Nelson contends that he has a relatively minor criminal history, has strong ties to Pittsburgh and has a six-year-old son with whom he exercised partial parental custody every weekend prior to his arrest. Nelson requests that he be granted bond possibly with electronic home monitoring.

The government strenuously objects to Nelson's request. The government asserts that the charges in the indictment generate a "presumption" in favor of pretrial detention and argues that the facts would justify Nelson's detention even in the absence of such a presumption. In essence, the government contends that Nelson would be a threat to the community. The government contends, based on wiretaps, that Nelson was a primary participant in the drug conspiracy. The government further points out that during the time Nelson allegedly participated in the conspiracy, he was on bond on an assault charge in state court and had been sentenced to house arrest as a result of a DUI. The government also points to a wire-tapped conversation in which Nelson used a gun to hold another person hostage. In addition, the government reports that Nelson was convicted of a felony drug-trafficking offense in New Jersey in 1990 and has been charged with six other offenses in Allegheny County since 1999.

The legal standards governing review of a magistrate judge's decision regarding pretrial detention were recently summarized as follows:

> This court exercises de novo review over the detention order entered by the magistrate judge. *See United States v. Delker*, 757 F.2d 1390, 1393-95 (3d Cir.1985). The magistrate judge's decision and reasoning is to be given careful consideration where a transcript of the detention hearing is available, id., even though the standard of review removes any obligation to accord deference to the magistrate judge's findings and decision. *See United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir.1990). This court may make its independent determination based solely upon the evidence introduced at the prior hearing. *Delker*, 757 F.2d at 1395; *Koenig*, 912 F.2d at 1193 ("Clearly, the district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist."); *United States v. Torres*, 929 F.2d 291, 292 (7th Cir.1991) (district court may base its findings on transcript of the hearings before the magistrate judge). Of course, it may also consider any additional evidence or proffers submitted in conjunction with any supplemental proceedings.

*United States v. Farris*, 2008 WL 1944131, *7 (W.D. Pa. 2008).

De novo review does not require an additional evidentiary hearing. *United States v. Price*, 2008 WL 282347, *2 (W.D.Pa.2008), *citing United States v. Chagra*, 850 F.Supp. 354, 357 (W.D.Pa.1994) (court may incorporate the records of the proceedings and the exhibits before the magistrate judge). The Court has reviewed the transcript of the proceeding conducted by Magistrate Judge Bissoon, considered the additional information and material set forth in Defendant's motion, and concludes that a hearing is not necessary under the circumstances.

The principles governing the "presumption" of detention are as follows:

> Where the record reflects probable cause to believe the defendant has committed a crime of violence or an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 et seq., the Bail Reform Act creates a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person in the community. 18 U.S.C. § 3142(e); *United States v. Perry*, 788 F.2d 100, 106 (3d Cir.1986). A defendant may rebut the presumption by presenting "some credible evidence" that he will not pose a threat to the community upon his release. *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir.1986) (to rebut the presumption "[t]he defendant must produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community"), *citing United States v. Jessup*, 757 F.2d 378 (1st Cir.1985); *United States v. Giampa*, 755 F.Supp. 665, 668 (W.D.Pa.1990).

*U.S. v. Turner*, 2008 WL 4186212 *1 (W.D. Pa.. 2008).

In this case, the rebuttable presumption of "no bail" is triggered by the charges of a large-scale cocaine conspiracy. Although Nelson now argues that the evidence against him is weak, he has not disputed the existence of probable cause. *See* Transcript at 60-61. Thus, Nelson must present credible evidence: (1) that he poses no threat to the community; and (2) that he will appear at trial. Magistrate Bissoon found that Nelson had not rebutted the presumption that he was a threat to the community. This Court agrees. Nelson's motion emphasizes facts that

3

arguably indicate that he is not a flight risk[1] but his only "evidence" on the "threat" prong is to say that the government's case is weak. Nelson does not challenge the Magistrate Judge's determination that probable cause exists. Moreover, there is substantial evidence in the detention hearing transcript to support the conclusion that conditions of release would not reasonably assure the safety of the community. Most strikingly, Nelson was on bond and house arrest – two separate conditions of release imposed by the state court – when he allegedly engaged in the drug conspiracy charged in this case. There is no basis to credibly conclude that the imposition of a third set of conditions of release by this Court would be any more effective in deterring further alleged criminal activity by Nelson.

In accordance with the foregoing, Defendant Victor Nelson's MOTION TO REVIEW DETENTION ORDER AND/OR MODIFY DETENTION ORDER (Document No. 347) is **DENIED**. The Order of Detention Pending Trial dated September 24, 2008 is affirmed and shall remain in full force and effect.

SO ORDERED this 19th day of December, 2008.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

---

[1] The Court need not reach the question of risk of flight, but notes that the length of the statutory minimum sentence Nelson is facing if convicted provides a substantial incentive to flee.

cc: Troy Rivetti, AUSA
Email: troy.rivetti@usdoj.gov

Craig W. Haller, AUSA
Email: craig.haller@usdoj.gov

John A. Knorr, Esquire
Email: jknorr@johnknorrlaw.com